## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GARY RICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.   05-509-GPM** |
| | ) | |
| **DARREN L. ARNETT, SGT. WILLIAMS,** | ) | |
| **DAVE E. DYSON, MARK PIERSON,** | ) | |
| **C/O POWER, C/O TAYLOR,** | ) | |
| **MIKE EDWARDS, BRETT A.** | ) | |
| **KLINDWORTH, FEDERICO** | ) | |
| **FERNANDEZ, JULIUS FLAGG,** | ) | |
| **CHRISTINE BROWN, DR. RICE,** | ) | |
| **DR. S. ZUBRAD, DR. GARCIA,** | ) | |
| **NANCY S. TUCKER, C/O SCRO,** | ) | |
| **C/O WERTZ, DOUG H. CRAVENS, and** | ) | |
| **S. HILE,** | ) | |
| | ) | |
| **Defendants.** | | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Shawnee Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was

granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as

ordered.

Rather than making specific factual allegations against Defendants, the complaint presents

several claims that are broad legal conclusions.  Fortunately, Plaintiff provided the Court with 104

pages of exhibits in support of his complaint that flesh out the following scenario.

To facilitate the orderly management of future proceedings in this case, and in accordance

with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate

to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as

shown below.  The parties and the Court will use these designations in all future pleadings and

orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts

does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Arnett, Williams, Power, Dyson, Pierson, Edwards, Taylor, Klindworth, and Fernandez for not providing him with proper due process.
>
> **COUNT 2:** Against Defendant Williams for threatening and assaulting him.
>
> **COUNT 3:** Against Defendants Flagg, Brown, Rice, Garcia, Zubrod, and Tucker for thwarting the grievance process.

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are legally frivolous and, thus, subject to summary dismissal.

COUNT 1

On August 3, 2003, Plaintiff received a disciplinary ticket from Defendant Arnett for intimidation or threats and insolence.  Plaintiff was found guilty on the first charge by Defendants Klindworth and Fernandez; he was punished with three months in segregation, a three month demotion to C-grade, and the revocation of three months of good conduct credit.  On August 5, 2003, Plaintiff received a disciplinary ticket from Defendant Dyson for making threats.  He was found guilty by Defendants Klindworth and Fernandez; he was punished with three months in segregation, a three month demotion to C-grade, loss of contact visits for six months, and the revocation of three months of good conduct credit.  In each instance, these punishments were approved by Defendant Pierson.[1]  With respect to each of these tickets, Plaintiff alleges only that the charges against him were fabricated and that Defendants Williams, Power, Edwards, and Taylor assisted in fabricating these charges.

The instant case is a challenge to disciplinary proceedings that resulted in the loss of good time credit, as well as time in disciplinary segregation.  The proper method for challenging the revocation of good time credit is habeas corpus but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981).  *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982).  The State of Illinois must first be afforded an opportunity, in a mandamus

---

[1]  Documentation related to two other tickets, which occurred on September 11 and 24, 2003, is attached to the complaint.  Plaintiff makes no mention of these incidents in his statement of claim, and the Court sees no need for further discussion of  these two incidents.

action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim.

Accordingly, Count 1 is dismissed from this action without prejudice to Plaintiff pursuing his claims in habeas corpus after he has exhausted his remedies through the Illinois state courts.

## COUNT 2

On August 3, 2003, Plaintiff had some sort of verbal altercation with Defendant Williams. As Plaintiff was escorted to his cell in handcuffs, he claims that Williams deliberately ran his head into a wall several times.[2]

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. … [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

---

[2] Plaintiff also states, vaguely, that he was denied medical treatment following this incident, but he makes no specific allegations against any particular individual.  Therefore, the Court does not consider this statement to be a separate claim in this action.

Based on these standards, the Court is unable to dismiss Count 2 at this point in the litigation.

<u>**COUNT 3**</u>

One of Plaintiff's primary contentions is that Defendants somehow thwarted his efforts to file grievances over these disciplinary tickets, as well as on numerous other issues. As for specific allegations, he states that on at least two occasions, he declared a hunger strike in an effort to have his grievances heard and that, in some unspecified manner, the administrative staff, security staff, and medical staff somehow intervened to prevent him from exhausting his administrative remedies. A review of the exhibits indicates that Plaintiff chose not to follow the grievance procedures specified in the Illinois Department of Corrections ("IDOC") regulations. *See* 20 Ill. Adm. Code § 504.800 *et seq*. In fact, in one instance he took the extreme step of sending a grievance directly to Governor Blagojevich.

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *See Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S. Ct. 1819, 149 L.Ed.2d 958 (2001).

*Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. The fact that Plaintiff chose not to follow these procedures does not support his claim that Defendants prevented him from filing his grievances.

Moreover, "a state's inmate grievance procedures do not give rise to a liberty interest

protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

In sum, Plaintiff has not presented a viable constitutional claim against any Defendant regarding the handling of his grievances. Consequently, Count 3 is dismissed from this action with prejudice.

OTHER DEFENDANTS

In the jurisdictional portion of the complaint, Plaintiff lists "Doug H. Cravens" and "S. Hile" as defendants in this action. The only other mention of these individuals is found on page 7, where Plaintiff states that each one "violated [his] civil rights" and lists a string of constitutional provisions. This brief conclusory statement is hardly sufficient to state a claim against Cravens or Hile; accordingly, the Court dismisses these defendants.

Plaintiff also includes Scro and Wertz in his list of defendants, but he makes absolutely no allegations against either of these individuals. The reason that plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to

state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7ᵗʰ Cir. 1998) ("A

plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff makes no allegations against Scro and Wertz, the Court dismisses them from this

action.

Finally, in the body of his complaint, Plaintiff makes allegations against B. McClain and L.

Lewis. However, these individuals are not included in the list of defendants in the jurisdictional

portion of the complaint; therefore, the Court does not consider them to be parties to this action.

**MOTION FOR APPOINTMENT OF COUNSEL (DOC. 3)**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*,

518 F.2d 779 (4ᵗʰ Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8ᵗʰ Cir. 1971). Furthermore, the

Court may only request counsel to represent an indigent if the likelihood of success is more than just

doubtful. *Miller v. Pleasure*, 296 F.2d 283, 284 (2ᵈ Cir. 1961), *cert. denied*, 370 U.S. 964 (1962).

There are five factors which a district court should consider in ruling on a request to appoint

counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the

indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth

will more likely be exposed where both sides are represented by counsel; (4) capability of the

indigent to present the case; and (5) the complexity of the legal issues raised by the Complaint. *See*

*Merritt v. Faulkner*, 697 F.2d 761 (7ᵗʰ Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *McKeever v.*

*Israel*, 689 F.2d 1315 (7ᵗʰ Cir. 1982); *Maclin v. Freake*, 650 F.2d 885 (7ᵗʰ Cir. 1981); *Wilson v.*

*Duckworth*, 716 F.2d 415 (7ᵗʰ Cir. 1983).

Applying these standards to the instant case, the Court finds that appointment of counsel is

not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**DISPOSITION**

IT IS HEREBY ORDERED that **COUNT 1** and **COUNT 3** are **DISMISSED** from this action with prejudice.

IT IS FURTHER ORDERED that Defendants **ARNETT, BROWN, CRAVENS, DYSON, EDWARDS, FERNANDEZ, FLAGG, GARCIA, HILE, KLINDWORTH, PIERSON, POWER, RICE, SCRO, TAYLOR, TUCKER, WERTZ,** and **ZUBRAD** are **DISMISSED** from this action with prejudice.

IT IS FURTHER ORDERED that Plaintiff shall complete and submit a USM-285 form for Defendant **WILLIAMS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **ONE** USM-285 form with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **WILLIAMS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **WILLIAMS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of IDOC who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal.  Address information obtained from IDOC pursuant to such Order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally-serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

Defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  03/28/06


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge